IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS CANO,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD CATHILL, Southern State Correctional Facility; and JOHN J. FARMER, Attorney General of the State of New Jersey,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>CIVIL NO. 02-5402 (JBS)<br><br>**OPINION** |

APPEARANCES:

Mr. Carlos Cano
#301372/455037B
Southern State Correctional Facility
Camp B, P.O. Box 150
Delmont, NJ 08314
    Petitioner pro se

Jeffrey S. Blitz, Esq.
James F. Smith, Esq.
Atlantic County Prosecutor's Office
P.O. Box 2002
19th Avenue at Route 40
Mays Landing, NJ 08330
    Attorneys for Respondents

**SIMANDLE**, District Judge:

    Petitioner Carlos Cano ("Cano") brings this pro se civil action for habeas corpus relief pursuant to 28 U.S.C. § 2254.  On February 18, 1998, in the Law Division of the Superior Court of New Jersey, Petitioner plead guilty to one count of first degree

possession of cocaine with intent to distribute and three counts of third-degree distribution of cocaine within a school zone.  On May 15, 1998, Petitioner was sentenced to twenty years imprisonment with a ten year period of parole ineligibility.  Petitioner challenges the legality of his sentence and requests that this Court vacate, set aside, or correct said sentence pursuant to § 2254.

Petitioner argues that his counsel was ineffective because he failed to properly prepare a defense, met with Petitioner on limited occasions and pressured Petitioner to accept a plea agreement.  The State Respondents argue that Mr. Cano's petition should be dismissed under 28 U.S.C. § 2254(e)(2) because Petitioner failed to develop a factual basis for his claim in the state court proceedings.

This Court has considered the submissions of Mr. Cano and the Respondents and has decided, for the following reasons, that Mr. Cano's petition for relief under 28 U.S.C. § 2254 must be denied.

### I.  BACKGROUND

Petitioner Carlos Cano brings this pro se civil action for habeas corpus relief pursuant to 28 U.S.C. § 2254.  As a result of fourteen different illegal drug transactions that took place

between December 7, 1996 and May 16, 1997, an Atlantic City grand jury returned Indictment No. 97-7-1457 against Mr. Cano and three co-defendants.  (App. to Resp't Mot. at Ra 2-3.)  Petitioner was named in all fifty-one counts of the Indictment.  (Id. at Ra 2.)  Pursuant to a plea agreement, Petitioner plead guilty to counts four, eight and thirty of the Indictment, charging him with third-degree distribution of cocaine within a school zone, and count forty-eight, charging Petitioner with first-degree possession of cocaine with the intent to distribute.  (Id. at Ra 3.)  In exchange for his plea, the State recommended the dismissal of the remaining counts of the Indictment and twenty years of imprisonment with a ten-year period of parole ineligibility, concurrent on all counts.  (Feb. 18, 1998 Tr. 3:11-14.)

    The trial court sentenced Petitioner in accordance with the plea agreement to a term of twenty years of imprisonment with a ten-year period of parole ineligibility on count forty-eight, first degree possession of cocaine with intent to distribute.  (May 15, 1998 Tr. 6:13-17.)  The remaining sentences were imposed to run concurrently and the appropriate mandatory fees and penalties were imposed.  (Id. at 6:17-20, 7:9-25.)  Additionally, Petitioner's driving privileges were revoked for a period of two

years.  (Id. at 7:25, 8:1.)  Subsequently, Petitioner's motion for reconsideration of sentence was denied.  (App. to Resp't Mot. at Ra 4.)  Petitioner appealed and on April 13, 1999 the Appellate Division of the Superior Court of New Jersey affirmed the sentence imposed.  (Id. at Ra 107.)

Subsequently, Mr. Cano filed a petition for post-conviction relief, contending that his plea was not entered into "voluntarily, knowingly or intelligently" and that he received ineffective assistance of counsel.  (Id. at Ra 112-113.) Petitioner also claimed that the police promised that if he would cooperate with the investigation of the co-defendants, he would receive a sentence of ten years with a five-year period of parole ineligibility.  (Id. at Ra 117.)   In his brief filed in support of his petition for post-conviction relief, Mr. Cano asserted that his plea should be set aside because it was based on coercion and duress.  (Id. at Ra 124.)   Specifically, Petitioner contended that the plea was involuntary because of a "breakdown in communication . . . due to a language barrier" between Petitioner and counsel.  (Id.)

Additionally, Petitioner asserted that his counsel was ineffective because he met with him on approximately five occasions, totaling twenty minutes, and there was no Spanish

4

interpreter present during the first three meetings.  (Id. at Ra 119.)  Petitioner contended that his counsel instructed him to accept the plea agreement because otherwise he would receive a sentence of twenty-five years to life.  (Id.)  Petitioner also asserted that counsel did not interview Kevin Wright, who Petitioner alleged would have testified that Mr. Cano was "set up."  (Id. at Ra 120.)  Petitioner further claimed that his appellate counsel was ineffective because he failed to properly communicate with him and mishandled Mr. Cano's claim because counsel did not appeal both the sentence and plea agreement.  (Id. at Ra 122.)

Lastly, Petitioner claimed that the plea agreement was "predicated upon the prosecutor's own racial stereotype and deprived [Petitioner] of due process."  (Id. at Ra 126.)  During sentencing the prosecutor commented that Petitioner was perhaps a "model citizen" for "somebody in Calle, Colombia or Bogota, but not here."  (May 15, 1998 Tr. 4:11-13.)  In his brief, Petitioner asserted that this comment indicated prosecutor's bias toward Petitioner, which resulted in an unfair sentence.  (App. to Resp't Mot. at Ra 127-128.)

The trial court denied Petitioner's motion for post-conviction relief.  (Mar. 2, 2001 Tr. 12:16-18.)  First, the

5

court dismissed Petitioner's allegation of ineffective counsel due to counsel's failure to interview Kevin Wright because Petitioner failed to set forth who the witness was or what information the witness would have told counsel if he had been interviewed.  (Id. at 12:19-25, 13:1-2.)  Second, the court ruled that the plea agreement was voluntarily entered into because Petitioner was well aware of the maximum sentence to be imposed and no language barrier existed.  (Id. at 14:15-16, 15:9-13.)  Third, the court asserted that there was no racial bias on the part of the prosecutor and that his comment did not adversely impact Petitioner's sentence.  (Id. at 16:13-25, 17:1-5.)

   Petitioner subsequently appealed the order to the Appellate Division of the New Jersey Superior Court.  (App. Resp't Mot. at Ra 131.)  On appeal, Petitioner argued that his conviction was a result of ineffective assistance of counsel and that his demand for post-conviction relief could not be denied without an evidentiary hearing.  (Id. at Ra 29, Ra 35.)  On June 17, 2002, the Appellate Division of the New Jersey Superior Court affirmed the trial court's order denying post-conviction relief.  (Id. at Ra 2.)  Thereafter, Mr. Cano filed a petition for certification to the Supreme Court of New Jersey, which denied his petition.  (Id. at Ra 1.)  Mr. Cano has now filed the instant pro se

6

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II.   DISCUSSION

A.   Jurisdiction

Pursuant to 28 U.S.C. § 2554(a)

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  Here, Petitioner, currently incarcerated in New Jersey, claims that his constitutional right to effective assistance of counsel and due process were violated during the plea agreement and subsequent sentencing.  Thus, this Court has jurisdiction to hear Mr. Cano's petition pursuant to 28 U.S.C. § 2554(a).

B.   Standard of Review Under 28 U.S.C. § 2554

Under 28 U.S.C. § 2554(e), this Court must presume that the factual issues determined by the state court are correct and the applicant has the burden of rebutting this "presumption of correctness by clear and convincing evidence."  If a petitioner fails to develop the factual basis of a claim in state court, this Court cannot hold an evidentiary hearing.  28 U.S.C. §

2254(e)(2).  According to the U.S. Supreme Court, a state court has a duty to vindicate rights secured by the Constitution in state criminal proceedings.  Williams v. Taylor, 529 U.S. 420, 436-37 (2000).  Therefore, the state courts should have the first opportunity to review the claim and provide any necessary relief.  Id. at 437 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999)).

In order for a state to have the opportunity to adjudicate federal rights, a prisoner must be diligent in developing the record and presenting all claims of constitutional error.  Id.  Diligence requires that a prisoner make a reasonable attempt to investigate and pursue the claims in state court and does not depend on whether these efforts could have been successful.  Id. at 435.  At a minimum, a petitioner must seek an evidentiary hearing in state court in the manner proscribed by state law.  Id. at 437.  However, where a petitioner has diligently sought to develop the factual basis of a claim in state court and the court fails to resolve a factual issue on which the habeas petition rests, an evidentiary hearing is not barred under 28 U.S.C. § 2554(e).  Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).

An applicant who fails to develop the factual basis of a claim is barred from an evidentiary hearing unless the statute's

other stringent requirements are met.  Under 28 U.S.C. § 2554(e)(2), a district court can hold an evidentiary hearing even if the petitioner failed to develop the factual basis of a claim if it relies on a new rule of constitutional law or a factual predicate that could not have been previously discovered through due diligence.  Additionally, the facts underlying the claim should be sufficient to establish by clear and convincing evidence "that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2554(e)(2)(B).

In affirming the denial of Mr. Cano's petition for post-conviction relief, the Superior Court of New Jersey noted that Petitioner did not request an evidentiary hearing.  (App. to Resp't Mot. at Ra 5.)  Therefore, Petitioner failed to meet the minimum requirement of diligence in the state court proceeding.  The Superior Court concluded that Petitioner's claims were without sufficient merit because Petitioner failed to support his assertions with affidavits or certifications and his allegations were therefore speculative at best.  (Id. at Ra 7.)  Since Petitioner failed to develop the factual basis of his claim in a state court proceeding and does not allege that his claim relies on a new rule of constitutional law or factual predicate, this

Court is barred from holding an evidentiary hearing under 28 U.S.C. § 2554(e)(2). However, as discussed below, even on Petitioner's version of the underlying facts, his application for a writ of habeas corpus would be denied on the merits.

C.   Guilty Pleas Entered Voluntarily and Intelligently

Petitioner contends that he did not enter his guilty plea voluntarily, knowingly or intelligently. Constitutional due process protections require that guilty pleas be entered intelligently and voluntarily. See, Boykin v. Alabama, 395 U.S. 238, 242 (1969). A plea does not qualify as intelligent unless a criminal defendant receives "real notice of the true nature of the charge against him." Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). Where, prior to pleading guilty, the defendant is provided with a copy of his Indictment that recites the charge against him, such circumstances give rise to the presumption that the defendant was informed of the nature of the charges against him. Id. (citation omitted). A guilty plea entered by one fully aware of the direct consequences stands unless "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper

10

relationship to the prosecutor's business (e.g. bribes)."  Brady v. United States, 397 U.S. 742, 755 (1970).  A plea of guilty is not involuntary merely because the defendant accepted it to avoid a harsher penalty.  Id.

The Supreme Court has held that the most efficient method of insuring that a plea was entered into intelligently and voluntarily is through the colloquy between the trial judge, defendant and the defendant's attorney.  Boykin, 395 U.S. at 244 n.7.  Such colloquy should establish that the defendant understood the nature of the charges, defendant's right to a jury trial, the acts sufficient to constitute the offense for which defendant is charged and the range of sentences.  Id.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, a federal court must defer to the factual findings and legal determinations of the state court.  See Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996).  Factual issues determined by the state court are presumed to be correct and petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000).

Here, the record indicates that Petitioner reviewed the plea form with an interpreter prior to entering a guilty plea.  (Feb.

11

18, 1998 Tr. 2:6.)  Additionally, the trial court judge reviewed with Petitioner the charges and the sentence term associated with each charge prior to Petitioner entering a guilty plea.  (Id. at 2:21-25; 3:1-5.)  While Petitioner maintains that his plea was not voluntarily entered into due to a language barrier, the state court determined that no language barrier existed.  (Mar. 2, 2001 Tr. 14:13-16.)

   Specifically, the trial court noted that there was an interpreter present at the time of the plea and during the post-conviction relief motion hearing.  (Id. at 14:16-18.)  The trial judge further noted that during the first portion of the post-conviction hearing there was no colloquy between Petitioner and the interpreter and Petitioner was indeed conversant in English.  (Id. at 14:18-24.)  Based on these facts the state court concluded that Petitioner understood what he was pleading guilty to and voluntarily entered into the plea.  (Id. at 16:8-12.)  Since the district court is required to defer to the state court on factual findings and Petitioner has failed to rebut this presumption with clear and convincing evidence, Petitioner failed to establish that his plea was entered involuntarily, nor that he failed to understand it due to any language difficulty.

D.   Standard for Ineffective Assistance of Counsel

Petitioner argues that under 28 U.S.C. § 2254 his sentence should be vacated because he was denied effective assistance of counsel.  Petitioner claims that his counsel was ineffective because he met with Petitioner on limited occasions, failed to provide a translator on the first three occasions and did not interview a witness.  (App. to Resp't Motion at Ra 119-120.)  Since Petitioner seeks a writ of habeas corpus for an alleged denial of effective assistance of counsel as guaranteed under the Sixth Amendment of the U.S. Constitution, Petitioner is authorized to apply for relief under 28 U.S.C. § 2254.

Generally, to prevail on a claim of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance was deficient and (2) this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  In meeting the first requirement, the petitioner must show that counsel's representation fell below an "objective standard of reasonableness" and outside the range of competent assistance demanded of professional criminal defense attorneys.  Id. at 688; see also United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991).  An evaluation of the attorney's performance must be from the attorney's perspective at the time of the alleged error, and

13

should indulge a strong presumption that counsel's performance is within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.  Because of the variety of legitimate strategies by which an attorney can defend a client, the defendant must overcome the assumption that the challenged action "might be considered sound trial strategy" under the circumstances.  Id.

As per the second requirement, in order to prove prejudice the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id.  Unless the petitioner makes both showings, the applicant's sentence cannot be said to have resulted from a breakdown in the adversary process.  Id. at 687.

The Strickland two-part standard applies to ineffective assistance of counsel claims arising out of the guilty plea process.  Hill v. Lockhart, 474 U.S. 52, 57 (1985).  In the context of guilty pleas, the first requirement of Strickland remains "nothing more than a restatement of the standard of attorney competence."  Id. at 58.  The prejudice requirement "on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea

14

process." Id. at 59.  Therefore, in order to satisfy this requirement, the petitioner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Here, Petitioner asserts that his claim of ineffective assistance of counsel is supported by counsel's failure to conduct a reasonable amount of pre-trial investigation by interviewing Kevin Wright.  (Pet'r Reply to Resp't Answer at 11.) However, as noted by the Appellate Division of the Superior Court of New Jersey in its denial of Mr. Cano's petition for post-conviction relief, this allegation fails to establish counsel's representation was deficient because Petitioner did not allege facts sufficient to demonstrate counsel's alleged substandard performance.  (App. to Resp't Mot. at Ra 6-7.)  Instead, Petitioner merely speculated as to what Kevin Wright may have said.  (Id. at Ra 7.) Furthermore, during his guilty plea Petitioner told the trial judge that he was satisfied with his attorney's services.  (Feb. 18, 1998 Tr. 5:3-5.)  Therefore, there is no indication that counsel's performance fell below an objective standard of reasonableness.

Petitioner failed to satisfy the second requirement of the Strickland standard because Mr. Cano did not establish that he

15

was prejudiced by counsel's performance.  During his guilty plea, Petitioner admitted his own guilt.  (Id. at 4:25; 5:1-2.) Additionally, Mr. Cano recounted to the trial judge the events which led to his Indictment.  Specifically, Petitioner told the judge that he possessed and distributed cocaine on the dates in question.  (Id. at 6:1-25; 7:1-10.)  Since Petitioner admitted his own guilt and failed to assert that but for counsel's actions he would have insisted on going to trial, Mr. Cano fails to establish that he was prejudiced by the defense.  Since Petitioner failed to meet both of the requirements set forth in Strickland, Petitioner's plea agreement and sentence did not result from a breakdown in the adversary process.

E.   Severity of Sentence

A federal court's ability to review a state sentence is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated or enhanced by indigency."  See Grecco v. O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas corpus proceeding unless it violates a separate federal constitutional limitation.  28 U.S.C. § 2554(a).  See also Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

16

The Eighth Amendment forbids cruel and unusual punishment and contains a "narrow proportionality principle" that "applies to noncapital sentences." Ewing v. California, 538 U.S. 11, 20 (2003) (citation omitted). The Supreme Court has identified three factors that may be relevant to a determination of whether a sentence is so disproportionate as to violate the Eighth Amendment: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the crime in other jurisdictions. Solem v. Helm, 463 U.S. 277, 278 (1983).

While these factors may be taken into consideration, Solem did not announce a rigid three-part test. Harmelin v. Michigan, 501 U.S. 957, 1004 (1991) ("Solem stated that in determining unconstitutional disproportionality, 'no one factor will be dispositive in a given case.'")(Kennedy, J., concurring in part and concurring in the judgment). In fact, analysis within and between jurisdictions is not always relevant to proportionality. Id. at 1004-1005 (Kennedy, J., concurring in part and concurring in the judgment). The Eighth Amendment does not require strict proportionality between a crime and the sentence, rather it only forbids sentences that are "grossly disproportionate" to the

17

crime.  Id. at 959.  While the Supreme Court has not clearly established what factors may indicate gross disproportionality, the Court has noted that the principle is applicable in "exceedingly rare" or "extreme cases."  Lockyer v. Andrade, 538 U.S. 63, 65 (2003) (citing Harmelin, 501 U.S. at 998).  See also Rummel v. Estelle, 445 U.S. 263, 272 (1980).

Here, Petitioner contends that his sentence, an incarceration period of twenty years with eligibility of parole after ten years, imposed by the trial court in accordance with the plea agreement was excessive.  Petitioner argues that a comment made by the prosecutor during the proceeding negatively impacted his sentence.  This claim appears to have no merit.  The trial court sentenced Petitioner in accordance with Petitioner's plea agreement, which was agreed upon between Petitioner, Petitioner's counsel and the State.  Therefore, the statement made by the prosecutor during the proceeding did not influence the decision of the trial court.  Specifically, the trial court judge stated that the claim made by the prosecutor was not racially motivated and did no affect his sentence.  (Mar. 2, 2001 Tr. 16:20-22, 17:5.)

Furthermore, Petitioner's sentence is not grossly disproportionate to the crimes committed by Petitioner.

Petitioner asserts that his sentence was significantly more severe than the sentences for the co-defendants based on the prosecutor's racial bias.  According to the public defender, one co-defendant received a "five flat" sentence and another received a suspended sentence.  (Mar 2, 2001 Tr. 4:19-22.)  However, the trial court noted that the plea agreement was in Petitioner's best interest and had Petitioner gone to trial and been convicted, he would have likely received a longer sentence. (Mar. 2, 2001 Tr. 15:13-19.)  In fact, counsel for Petitioner during the post-conviction relief motion remarked that Petitioner's "twenty-year state prison sentence [was] not excessive" and "clearly within the guidelines."  (Id. at 6:1-4.) Therefore, Petitioner's claim is without merit and should be dismissed.

### III.  CONCLUSION

For the reasons stated above, Petitioner's 28 U.S.C. § 2554 habeas corpus application should be denied.  Petitioner failed to develop the factual basis for his claim in state court proceedings and therefore, under 28 U.S.C. § 2554(e), this Court declines to hold an evidentiary hearing.  Furthermore, even based

19

on Petitioner's arguments as developed, Petitioner's habeas corpus application must still be denied on the merits.  The accompanying Order will be entered.


**June 30, 2005**             **s/ Jerome B. Simandle**
DATE                          JEROME B. SIMANDLE
                              United States District Judge